PER CURIAM.
Upon a Petition for Approval of Unconditional Guilty Plea this Court appointed a referee to conduct a hearing regarding Ehrlich’s alleged misconduct. Ehrlich’s Consent Judgment for Unconditional Guilty Plea and Waiver of Probable Cause Finding * acknowledges his violation of Disciplinary Rules 1-102(A)(1), 6-101(A)(2), 6-101(A)(3) and 9-102(B)(4). The referee recommended that Ehrlich be found guilty in accordance with his consent judgment and that he be given a public reprimand and be placed on probation for two years with conditions.
Neither side contests the referee’s report which we hereby adopt. Publication of this opinion in Southern Reporter will serve as the public reprimand, and Jeffrey Ehrlich is placed on probation for two years, effective thirty days from the filing of this opinion, with the following conditions:
1) Respondent shall submit himself to urinalysis on a monthly basis during the first year of his probation and shall submit himself to urinalysis every other month, at intervals no greater than sixty (60) days apart, during the second year of his probation. The urinalysis will be performed by a duly licensed laboratory or medical facility acceptable to The Florida Bar. A report containing the results of each urinalysis will be submitted directly by the testing facility, on a confidential basis, to the Tallahassee headquarters office of The Florida Bar. A failure to submit the urinalysis reports or a finding in said reports that respondent has engaged in alcohol abuse or the use of any drugs, other than medication in amounts prescribed by a licensed medical doctor, shall be a basis for termination of probation pursuant to Fla.Bar Integr.Rule, art. XI, Rule 11.10(1);
2) Respondent shall engage the services of Charles Hagan, Jr., a member of The Florida Bar and a professional in the field of alcohol and drug abuse counseling, for three (3) counseling sessions over a period of three (3) months commencing thirty (30) days from the filing of this opinion. The *418 purpose of these sessions will be for respondent to discuss his problems with Mr. Hagan on an informal basis. At the conclusion of the three (3) sessions, respondent will not be required by the terms of his probation to continue meeting with Mr. Ha-gan although he would be encouraged to do so if he found the sessions helpful. Mr. Hagan is to be notified by The Florida Bar upon the issuance of this opinion incorporating this condition of probation. Notification by Mr. Hagan that respondent has failed to comply with the aforesaid condition of probation shall be a basis for termination of probation pursuant to Fla.Bar Integr.Rule, art. XI, Rule 11.10(1);
3) Restitution shall be made to Kathryn Napier in the sum of One Hundred Dollars and No Cents ($100); to Barbara and George Fink in the amount of Five Hundred Dollars and No Cents ($500.00); and to the Estate of Thomas Smith or its authorized representative in the sum of Eight Hundred Seventy Four Dollars and Ninety Cents ($874.90). One half (½) of each of the aforesaid sums shall be paid within one hundred eighty (180) days from the date of this opinion and the balance shall be paid in full within one (1) year of the date of this opinion. Failure by respondent to provide proof of restitution to The Florida Bar within the time periods stated above shall be a basis for termination of probation pursuant to Fla.Bar Integr.Rule, art. XI, Rule 11.10(1);
4) Respondent shall submit two (2) quarterly reports on a confidential basis to the Tallahassee headquarters of The Florida Bar. The initial report shall be due three (3) months after the effective date of respondent’s probation and shall outline the current status of cases which respondent has pending in his office. The second report shall be due three (3) months thereafter and shall outline the current status of cases which respondent has pending in his office and delineate which cases from the previous quarter have been disposed of. Respondent may include in the aforesaid reports such additional information as he deems relevant to establish his prompt and diligent prosecution of his caseload. Failure by respondent to timely file these reports shall be a basis for termination of probation pursuant to Fla.Bar Integr.Rule, art. XI, Rule 11.10(1);
5)A finding of probable cause shall also be a basis for termination of probation pursuant to Fla.Bar Integr.Rule, art. XI, Rule 11.10(1).
Judgment for costs in the amount of $668.33 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
ADKINS, Acting C.J., and OVERTON, McDonald, EHRLICH and SHAW, JJ., concur.

 We feel it unnecessary to publish the full text of the plea. The Court file is open for inspection.