PER CURIAM.
Twenty-five members of the Florida Bar have petitioned this Court for an amendment to article XI of the integration rule. The proposed amendment would provide confidentiality in disciplinary proceedings regarding an attorney’s voluntarily seeking, receiving, or accepting treatment for alcoholism or alcohol abuse, unless waived in writing by the subject attorney. The board of governors opposes the petition.
During oral argument, the board’s representative stated that in February the board had established a bar-funded, nonprofit corporation to provide counseling for attorneys with drinking problems. Although the corporation is not under the board of governors’ direct control, the board appoints the corporation’s board of directors. The board of governors’ representative outlined the three purposes of the corporation as: 1) providing counseling and referral services to lawyers with drinking or drug-related problems, 2) providing limited intervention services and suggesting treatment when a lawyer’s problem is recognized by others, and 3) supervising probation as directed by this Court.* He also stated that the board of governors and the corporation had signed a contract providing that confidentiality would be maintained regarding any attorney’s contact with the corporation or use of its services. Therefore, according to the board of governors, the instant proposal should not be adopted because the board has already addressed the problem, and confidentiality should be limited to those attorneys who deal with the bar-funded corporation and its counselors.
We agree with the board of governors and the petitioners that some Florida attorneys have alcohol-related problems, that such attorneys should be encouraged to seek help, and that confidentiality should be extended to attorneys who seek or receive help with such problems. We disagree with the board of governors, however, that confidentiality should be available only to those attorneys who avail themselves of the services provided by the bar-funded corporation. Other organizations and people, for example, Alcoholics Anonymous and psychologists and psychiatrists, provide qualified and competent counseling for persons with alcohol-related problems. We, therefore, adopt the pro *938 posed amendment as attached following this opinion after modifying it somewhat and renumbering it. We recognize the board’s concern that the instant amendment may be too broad. If in the future the board can demonstrate that the new rule is so broad as to create abuses of this extension of confidentiality, we will entertain an amendment. The amendment will become effective July 11, 1986, unless rehearing is filed.
It is so ordered.
ADKINS, OVERTON, McDONALD, EHRLICH, SHAW and BARKETT, JJ., concur.
BOYD, C.J., dissents.
Add the following paragraph (8) to rule 11.12, article XI, Integration Rule of the Florida Bar:
(8) Confidentiality regarding treatment for alcohol abuse.
(a) Evidence that an attorney has voluntarily sought, received, or accepted treatment for alcoholism or alcohol abuse shall be deemed confidential.
(b) No qualified person furnishing treatment, advisory, consultive, or other services or who offers such services, or with whom an attorney has consulted for the purpose of considering or securing treatment, advisory, con-sultive, or other services relating to alcoholism or alcohol abuse may give evidence with respect to the consultation or treatment by such attorney in any disciplinary proceeding without the written consent of the attorney(s) affected.
(c) It is the purpose of this paragraph (8) to encourage attorneys to voluntarily seek advice, counsel, and treatment for alcoholism from any qualified source of such advice, counsel, and treatment available to such attorney, without fear that such advice, counsel, and treatment, or the fact of its being sought or offered, will or might cause embarrassment in any future disciplinary matter.

 In The Florida Bar v. Ehrlich, 485 So.2d 417 (Fla. 1986), we approved a referee’s recommendation that Ehrlich receive counseling from Charles Hagan for alcohol abuse. Hagan has been hired as executive director of the new bar-funded corporation. He is also one of the bar members petitioning the Court to adopt the instant amendment.